United States District Court
Southern District of Texas
**ENTERED**
September 30, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LANA LEIGH JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:20-CV-00233 |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

### ORDER ACCEPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is the November 15, 2021 Memorandum and Recommendation ("M&R") signed by Magistrate Judge Jason B. Libby. (Dkt. No. 22). In the M&R, the magistrate judge reviewed the Commissioner of Social Security's final decision, as determined by an administrative law judge ("ALJ"), that Plaintiff Lana Leigh Johnson was not disabled. Because the magistrate judge determined that the Commissioner applied the proper legal standard and the decision was supported by substantial evidence, the magistrate judge recommends that the Court deny Johnson's Motion for Summary Judgment. (Dkt. No. 19); (Dkt. No. 20). The magistrate judge construed the Commissioner's Response as a Motion for Summary Judgment and also recommends that the Court grant the Commissioner's Motion for Summary Judgment. (Dkt. No. 21).

The Parties were provided proper notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Johnson filed timely objections, (Dkt. No. 23). As a result, the Court "shall make a de novo determination of those portions of the

report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).  Having conducted this review, the Court **ACCEPTS** the M&R as the Court's Memorandum Opinion and Order.

I.   ANALYSIS

In the M&R, Magistrate Judge Libby correctly reviewed the Commissioner's decision, asking whether the ALJ applied the proper legal standard and whether substantial evidence supports the ALJ's decision.  (Dkt. No. 22 at 2); *see also Randall v. Astrue*, 570 F.3d 651, 655 (5th Cir. 2009) (per curiam).  "Substantial evidence is more than a scintilla, less than a preponderance, and is such that a reasonable mind might accept it as adequate to support a conclusion."  *Randall*, 570 F.3d. at 662 (quoting *Randall v. Sullivan*, 956 F.2d 105, 109 (5th Cir.1992) (internal quotation marks omitted).  In applying this standard, Magistrate Judge Libby scrutinized the record and determined that the Commissioner's decision was supported by substantial evidence and comported with relevant legal standards.  (Dkt. No. 22 at 2–3, 37–39).

Johnson objects that the magistrate judge improperly found that the ALJ's Residual Functional Capacity ("RFC") determination is supported by substantial evidence.  (Dkt. No. 23 at 1–3).  Johnson argues that the ALJ improperly weighed the evidence of various professionals and that the ALJ did not adequately develop the determination of Dr. Hector Ortiz.  (*Id.*).  Johnson's objections are without merit.

The Court can neither make credibility determinations nor re-weigh the evidence. *See Randall*, 570 F.3d at 662.  As the magistrate judge recounted, the ALJ developed a substantial record to support the determination that Johnson is not disabled.  (Dkt. No.

22 at 4–29). The Court's role is not to second-guess the weight given to various pieces of evidence; rather, the Court's role is to determine whether the ALJ's decision is supported by substantial evidence. *Randall*, 570 F.3d at 662; *Hardman v. Colvin*, 820 F.3d 142, 148 (5th Cir. 2016). The ALJ found that Johnson "did not have an impairment or combination of impairments that met or medically equals the severity of one of the listed impairments." (Dkt. No. 22 at 28); *see also* (Dkt. No. 13-3 at 17). As the M&R lays out in detail, the ALJ's decision is supported by substantial evidence. (Dkt. No. 22 at 29–39).

Johnson disagrees with the weight given to the evidence provided by different physicians. But the ALJ "is free to reject the opinion of any physician when the evidence supports a contrary conclusion. The treating physician's opinions are not conclusive. The opinions may be assigned little or no weight when good cause is shown." *Newton v. Apfel*, 209 F.3d 448, 455–56 (5th Cir. 2000) (cleaned up). That is exactly what the ALJ did. The ALJ found that the overall evidence in the record supported a conclusion of no disability and explained that finding. *See* (Dkt. No. 22 at 30); (Dkt. No. 13-3 at 18–23). Johnson faults the ALJ for "playing doctor," (Dkt. No. 23 at 2), but this distracts from the question before the Court: whether the ALJ applied the proper legal standard and issued a decision supported by substantial evidence. *See Randall*, 570 F.3d at 655. As already discussed, the ALJ's decision was based on substantial evidence contained in the record, not her own lay opinion. *See* (Dkt. No. 22 at 29–39).

## II. CONCLUSION

The ALJ applied the proper legal standard and issued a decision supported by substantial evidence. *See Randall*, 570 F.3d at 655. The arguments in Johnson's objection

do not disturb that conclusion. Accordingly, the Court **ACCEPTS** the M&R as the Court's Memorandum Opinion and Order. (Dkt. No. 22). The Court **DENIES** Lana Leigh Johnson's Motion for Summary Judgment. (Dkt. No. 19); (Dkt. No. 20). The Court **GRANTS** the Commissioner of Social Security's Motion for Summary Judgment. (Dkt. No. 21).

It is SO ORDERED.

Signed on September 30, 2022.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**